COMMONWEALTH OF MASSACHUSETTS
TRIAL COURT
SUPERIOR COURT

BARNSTABLE, SS

DOCKET NUMBER: 2172cv00013

TIMOTHY CARR )
Plaintiff )
v. )
 )
Town of Mashpee by )
its Board of Selectmen )
 )
Chief of Police )
 )
John Doe Police Officers )
 )
Defendants )

### CLAIM for MONEY DAMAGES
G.L.c.258, Under the U.S.Constitution/ 42 U.S.C., §1983
and for Other Causes of Action

This is a claim for money damages arising from the unlawful prosecution of Mr. Timothy Carr by the Mashpee Police Department by its duly authorized officers, in a case where the criminal complaint by the department prosecuted was dismissed.

The Plaintiff demands trial by jury on all issues so triable.

### Parties

1. The Plaintiff, Mr. Timothy Carr, is a private individual, with an address of Post Office Box 781, North Falmouth, Massachusetts 02556.

2. The Defendant members of the Board of Selectmen of the Town of Mashpee, have an address of 16 Great Neck Road N., Mashpee, MA 02649. (Note the composition of the chair and board members changes on an ongoing and unpredictable basis.)

3. The Defendant Chief of Police, of the Town of Mashpee Police Department, has an address of 19 Frank E. Hicks Drive, Mashpee, MA 02649. (Note the actual individual chief holding that position is subject to change on an ongoing and unpredictable basis.)

4. The Defendant, John Doe Police Officer(s) , Town of Mashpee Police Department, has a work address of 19 Frank E. Hicks Drive, Mashpee, MA 02649.

## The Facts

5. On or about December, 2016, a criminal charge was filed against Mr. Carr in Falmouth District Court, Docket 1689CR002264, pursuant to a complaint forwarded for prosecution by the Mashpee Police Department that was found to be baseless and were dismissed or about, January 17, 2018.

6. Mr. Carr was wrongfully charged with a criminal offense, that being leaving the scene of property damage, M.G.L.c.90, §24(2)(a)

7. Out outlined herein, the police department failed to follow lawful and/or standard procedures and failed to investigate the complaint against Mr. Carr before the Mashpee Police Department forwarded the charge for prosecution.

8. Mr. Carr has reason to believe, based on his past contacts with members of the Mashpee Police Department, that there is a personal animus against him in the Department, and that some of the officers involved in the processing of the criminal complaint against him were motivated by that animas against him

9. The origin of the complaint arose on, or about, November 29, 2016, when the Mashpee Police Department received a complaint that a white Ford "Econo-van", had struck a tree and stop sign.

10. Mr. Carr does not have a Ford van, his is a Chevy and is not an Econline.

11. Further, even though the complainant did not know the license plate of the van, the Police Officer who prepared the report, "Ref: 16-646-AR", listed Mr. Carr's license plate after the officer apparently observed it in the parking lot at "Stop and Shop" in Mashpee. Note that this parking lot is next door to the 99 Restaurant on Great Neck Road in Mashpee.

12. Mr. Carr was subsequently charged with a criminal offense in Falmouth District Court, for leaving the scene of property

damage, under G.L.c.90, §24, a statute that allows for incarceration and/or a fine.

13. The criminal case against Mr. Carr was dismissed by the Falmouth District Court, Docket 1689CR002264, on January 17, 2018 for "insufficient evidence", at the request of the Commonwealth of Massachusetts, all of this according to the docket entries.

14. Further, early on in the case, the docket shows a warrant was issued for Mr. Carr's arrest on this matter, even though he did not know he was charged with any crime.

15. The Police Department did not make any effort to contact Mr. Carr, even though the officer claimed in the attempted criminal action to have been able to obtain a photo of Mr. Carr.

16. The police report did not allege any amount of supposed property damage.

17. The John Doe police officer did not investigate whether Mr. Carr's vehicle was damaged at all in accordance with the claim by the sole witness, nor did the department confirm whether or not any trees or a sign were actually knocked down or damaged in the parking lot entry way at the lot where Mr. Carr's vehicle were parked.

18. These actions by the Mashpee Police Department by its investigating officer(s) effectively stripped Mr. Carr of his due process rights in this matter.

20. There was no investigation to establish probable cause, and Mr. Carr was prosecuted based on an unsubstantiated claim, and a completely inadequate investigation.

21  As a result, Mr. Carr:
    (a) faced arrest;
    (b) was forced to retain legal counsel;
    (c) was forced to attend court hearings, and;
    (d) endured the emotional distress of facing wholly unfounded, untruthful, and un-investigated claims against him.

22. Said criminal complaint was wholly frivolous, and amounts to malicious prosecution and/or abuse of process.

23. Mr. Carr never received any claim for money damages for any supposed property damage, and no evidence was ever presented to the Falmouth Court substantiating any claim against him.

24. Mr. Carr believes certain members of the Mashpee Police Department know him personally, and his relationship with them is not good, and he has in the recent past had disagreements with them that originate in what amount to personality conflicts.

25. Mr. Carr believes that word of this relationship has spread to other members of the police department, and that as a result, the baseless criminal complaint was issued against him for the intended purposes of harassing, intimidating, and incarcerating him.

26. Mr. Carr is worried that further baseless complaints may be issued against him in the future if the Mashpee Police Department and Town of Mashpee are not held accountable and forced to compensate him under G.L.c.258.

27. All of the criminal charges against Mr. Carr referenced above were dismissed on January 17, 2018.

28. As a result of the charge having been brought against him, Mr. Carr lost sleep, was afraid and upset that he may be arrested and put in jail based on a criminal complaint that was not based on the truth, and he now fears being arrested in the future on an arrest warrant issued without any justification.

29. Mr. Carr, at great expense to himself, was forced to hire an attorney to represent him.

30. On January 15, 2020, Mr. Carr sent a demand letter for compensation to the Mashpee Board of Selectmen, and to the

Mashpee Chief of Police, both with receipt confirmation, pursuant to G.L.c. 258.

31. Said demand letter outlined Mr. Carr's complaint in specific detail.

32. After a period of six months passed from the date of the letter's receipt by both the Board of Selectmen and by the Chief of Police, there was no reply by either the Selectmen or by the Police Chief, and more than six months has passed after receipt of the demand, even when the tolling of statutes of limitations, imposed because of the partial shutdown of government by the COVID19 virus, is taken into consideration.

## COUNT I – G.L.c. 258
### Mass. Tort's Claim Act

33. The Plaintiff repeats and reavers herein and hereto in their entirety the facts listed in all of the above listed paragraphs.

34. The police department failed to follow procedure when forwarding the charge against Mr. Carr to the District Attorneys office for prosecution.

35. A demand under G.L.c. 258 outlining the claims listed above was presented to the Defendants Mashpee Board of Selectmen and

Mashpee Chief of Police, and they effectively denied any liability and relief by failing to respond to said letter.

36. The Police Department, and/or the Town of Mashpee and/ or the John Doe officers (who have to be identified with full disclosure and discovery) are either individually and /or jointly liable to Mr. Carr for his money damages and claims.

37. As to the Defendant's "John Doe" police officer, said officers are liable to Mr. Carr under the statute as well, as specific facts were presented in said demand letter.

WHEREFORE, THE PLAINTIFF IS ENTITLED TO MONEY DAMAGES TO THE MAXIMUM EXTENT ALLOWABLE BY LAW, PLUS COSTS, ATTORNEYS FEES AND INTEREST.

### COUNT II – Malicious Prosecution

38. The Plaintiff repeats and reavers herein and hereto in their entirety the facts listed in all of the above listed paragraphs.

39. The Defendant Mashpee Police Department, by it officers, formally initiated a criminal proceeding against Mr. Carr with malice and without probable cause that was terminated in favor of Mr. Carr, and said officers, who were purporting to act under the law, prosecuted Mr. Carr even though they knew, or should have known, he did not commit any crime.

40. The Police Department, and/or the Town of Mashpee and/ or the John Doe officers (who have to be identified with full disclosure and discovery) are either individually and /or jointly liable to Mr. Carr for his money damages and claims.

WHEREFORE, THE PLAINTIFF IS ENTITLED TO MONEY DAMAGES TO THE MAXIMUM EXTENT ALLOWABLE BY LAW, PLUS COSTS, ATTORNEYS FEES AND INTEREST.

### COUNT III
### Violation of the Plaintiff's Constitutional Rights
### 42 U.S.C., §1983
### Fourth Amendment of the U.S. Constitution.

41. The Plaintiff repeats and reavers herein and hereto in their entirety the facts listed in all of the above listed paragraphs.

42. At all relevant times, the Mashpee Police officers, John Doe, were acting under the color of state law when they filed the criminal action against Mr. Carr, in so far as they were purporting to enforce state law that was subject of the criminal charge against Mr. Carr.

43. Said conduct deprived Mr. Carr of the rights, and/or privileges, and/or immunities guaranteed under either/ or federal law and/or the U.S. Constitution.

44. The Police Department, and/or the Town of Mashpee and/ or the John Doe officers (who have to be identified with full

disclosure and discovery) are either individually and /or jointly liable to Mr. Carr for his money damages and claims.

**WHEREFORE, THE PLAINTIFF IS ENTITLED TO MONEY DAMAGES TO THE MAXIMUM EXTENT ALLOWABLE BY LAW, PLUS COSTS, ATTORNEYS FEES AND INTEREST.**

### COUNT IV – Emotional Distress

45. The Plaintiff repeats and reavers herein and hereto in their entirety the facts listed in all of the above listed paragraphs.

46. In pursuing the complaint against Mr. Carr, the Defendant John Doe Mashpee Police officer(s) knew, or should have known, that Mr. Carr would suffer emotional distress as a result of their conduct.

47. Said officer(s) knew, or should have known, such emotional distress would arise, and intentionally and/or recklessly proceed to bring the criminal charge against Mr. Carr.

48. The officer(s) conduct was extreme and outrageous, as they subjected Mr. Carr to the threat of an arrest for an outstanding arrest warrant and prosecution for a crime he did not commit, and such conduct by the officer(s) was, and is, intolerable, beyond all reasonable bounds of decency, is is not the type that reasonable persons in a civilized community consider tolerable.

49. The Defendant officer(s) conduct was outrageous, done intentionally or recklessly, and caused Mr. Carr severe emotion distress of the type that no reasonable person should be expected to endure.

50. The Police Department, and/or the Town of Mashpee and/ or the John Doe officers (who have to be identified with full disclosure and discovery) are either individually and /or jointly liable to Mr. Carr for his money damages and claims.

WHEREFORE, THE PLAINTIFF IS ENTITLED TO MONEY DAMAGES TO THE MAXIMUM EXTENT ALLOWABLE BY LAW, PLUS COSTS, ATTORNEYS FEES AND INTEREST.

The Plaintiff demand trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED
PLAINTIFF BY COUNSEL

Anthony Alva, Esq.
BBO#633858
Box 730
Barnstable, MA 02630
axacuneo@gmail.com
774 521-9350
508 362-7770 fax

Date:     January 15, 2020

| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Trial Court of Massachusetts The Superior Court |
|---|---|---|

| PLAINTIFF(S): | Timothy Carr | COUNTY |
|---|---|---|
| ADDRESS: | P.O. 781, North Falmouth, MA 02556 | Barnstable |

| | | DEFENDANT(S): | (1) Town of Mashpee/ Selectmen |
|---|---|---|---|
| | | | (2) Police Chief/ Department Town of Mashpee |
| ATTORNEY: | Anthony Alva, Esq. | | (3) John Doe Police Officers, Town of Mashpee |
| ADDRESS: | Box 730, Barntable, MA 02630 | ADDRESS: | Respectively: (1) 16 Great Neck Road N., Mashpee, MA 02649 |
| | | | (2) 19 Frank E. Hicks Drive, Mashpee, MA 02649 |
| | | | (3) 19 Frank E. Hicks Drive, Mashpee, MA 02649 |
| BBO: | 633858 | | |

**TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| AB! | Tort Claims Act | A | [X] YES  [ ] NO |

*If "Other" please describe:

Is there a claim under G.L. c. 93A?   [ ] YES   [X] NO

Is this a class action under Mass. R. Civ. P. 23?   [ ] YES   [X] NO

**STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A**

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(attach additional sheets as necessary)

A. Documented medical expenses to date:
  1. Total hospital expenses ................................................. $_____
  2. Total doctor expenses ................................................. $_____
  3. Total chiropractic expenses .......................................... $_____
  4. Total physical therapy expenses ................................... $_____
  5. Total other expenses (describe below) .......................... $_____
                                                                        Subtotal (A): $_____

B. Documented lost wages and compensation to date .......... $_____
C. Documented property damages to date ............................ $_____
D. Reasonably anticipated future medical and hospital expenses ... $_____
E. Reasonably anticipated lost wages .................................... $_____
F. Other documented items of damages (describe below) ..... $100,000 plus

G. Briefly describe plaintiff's injury, including the nature and extent of injury:
Plaintiff was wrongfully and maliciously prosecuted for a crime he did not commit and for which the charge was dismissed. Emotional distress, and malicous prosecution and expenses and fees to defend himself.

TOTAL (A-F): $100,000 plus

**CONTRACT CLAIMS**
(attach additional sheets as necessary)

[ ] This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).
Provide a detailed description of claim(s):

TOTAL: $_____

Signature of Attorney/ Unrepresented Plaintiff: X                               Date:

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

**CERTIFICATION PURSUANT TO SJC RULE 1:18**

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X                                              Date: 01/15/2021

# CIVIL ACTION COVER SHEET INSTRUCTIONS
## SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

### AC Actions Involving the State/Municipality *

- AA1 Contract Action involving Commonwealth, Municipality, MBTA, etc. (A)
- AB1 Tortious Action involving Commonwealth, Municipality, MBTA, etc. (A)
- AC1 Real Property Action involving Commonwealth, Municipality, MBTA etc. (A)
- AD1 Equity Action involving Commonwealth, Municipality, MBTA, etc. (A)
- AE1 Administrative Action involving Commonwealth, Municipality, MBTA, etc. (A)

### CN Contract/Business Cases

- A01 Services, Labor, and Materials (F)
- A02 Goods Sold and Delivered (F)
- A03 Commercial Paper (F)
- A04 Employment Contract (F)
- A05 Consumer Revolving Credit - M.R.C.P. 8.1 (F)
- A06 Insurance Contract (F)
- A08 Sale or Lease of Real Estate (F)
- A12 Construction Dispute (A)
- A14 Interpleader (F)
- BA1 Governance, Conduct, Internal Affairs of Entities (A)
- BA3 Liability of Shareholders, Directors, Officers, Partners, etc. (A)
- BB1 Shareholder Derivative (A)
- BB2 Securities Transactions (A)
- BC1 Mergers, Consolidations, Sales of Assets, Issuance of Debt, Equity, etc. (A)
- BD1 Intellectual Property (A)
- BD2 Proprietary Information or Trade Secrets (A)
- BG1 Financial Institutions/Funds (A)
- BH1 Violation of Antitrust or Trade Regulation Laws (A)
- A99 Other Contract/Business Action - Specify (F)

\* Choose this case type if ANY party is the Commonwealth, a municipality, the MBTA, or any other governmental entity UNLESS your case is a case type listed under Administrative Civil Actions (AA).

† Choose this case type if ANY party is an incarcerated party, UNLESS your case is a case type listed under Administrative Civil Actions (AA) or is a Prisoner Habeas Corpus case (E97).

### ER Equitable Remedies

- D01 Specific Performance of a Contract (A)
- D02 Reach and Apply (F)
- D03 Injunction (F)
- D04 Reform/ Cancel Instrument (F)
- D05 Equitable Replevin (F)
- D06 Contribution or Indemnification (F)
- D07 Imposition of a Trust (A)
- D08 Minority Shareholder's Suit (A)
- D09 Interference in Contractual Relationship (F)
- D10 Accounting (A)
- D11 Enforcement of Restrictive Covenant (F)
- D12 Dissolution of a Partnership (F)
- D13 Declaratory Judgment, G.L. c. 231A (A)
- D14 Dissolution of a Corporation (F)
- D99 Other Equity Action (F)

### PA Civil Actions Involving Incarcerated Party †

- PA1 Contract Action involving an Incarcerated Party (A)
- PB1 Tortious Action involving an Incarcerated Party (A)
- PC1 Real Property Action involving an Incarcerated Party (F)
- PD1 Equity Action involving an Incarcerated Party (F)
- PE1 Administrative Action involving an Incarcerated Party (F)

### TR Torts

- B03 Motor Vehicle Negligence - Personal Injury/Property Damage (F)
- B04 Other Negligence - Personal Injury/Property Damage (F)
- B05 Products Liability (A)
- B06 Malpractice - Medical (A)
- B07 Malpractice - Other (A)
- B08 Wrongful Death - Non-medical (A)
- B15 Defamation (A)
- B19 Asbestos (A)
- B20 Personal Injury - Slip & Fall (F)
- B21 Environmental (F)
- B22 Employment Discrimination (F)
- BE1 Fraud, Business Torts, etc. (A)
- B99 Other Tortious Action (F)

### RP Summary Process (Real Property)

- S01 Summary Process - Residential (X)
- S02 Summary Process - Commercial/ Non-residential (F)

### RP Real Property

- C01 Land Taking (F)
- C02 Zoning Appeal, G.L. c. 40A (F)
- C03 Dispute Concerning Title (F)
- C04 Foreclosure of a Mortgage (X)
- C05 Condominium Lien & Charges (X)
- C99 Other Real Property Action (F)

### MC Miscellaneous Civil Actions

- E18 Foreign Discovery Proceeding (X)
- E97 Prisoner Habeas Corpus (X)
- E22 Lottery Assignment, G.L. c. 10, § 28 (X)

### AB Abuse/Harassment Prevention

- E15 Abuse Prevention Petition, G.L. c. 209A (X)
- E21 Protection from Harassment, G.L. c. 258E (X)

### AA Administrative Civil Actions

- E02 Appeal from Administrative Agency, G.L. c. 30A (X)
- E03 Certiorari Action, G.L. c. 249, § 4 (X)
- E05 Confirmation of Arbitration Awards (X)
- E06 Mass Antitrust Act, G.L. c. 93, § 9 (A)
- E07 Mass Antitrust Act, G.L. c. 93, § 8 (X)
- E08 Appointment of a Receiver (X)
- E09 Construction Surety Bond, G.L. c. 149, §§ 29, 29A (A)
- E10 Summary Process Appeal (X)
- E11 Worker's Compensation (X)
- E16 Auto Surcharge Appeal (X)
- E17 Civil Rights Act, G.L. c.12, § 11H (A)
- E24 Appeal from District Court Commitment, G.L. c.123, § 9(b) (X)
- E25 Pleural Registry (Asbestos cases)
- E94 Forfeiture, G.L. c. 265, § 56 (X)
- E95 Forfeiture, G.L. c. 94C, § 47 (F)
- E99 Other Administrative Action (X)
- Z01 Medical Malpractice - Tribunal only, G.L. c. 231, § 60B (F)
- Z02 Appeal Bond Denial (X)

### SO Sex Offender Review

- E12 SDP Commitment, G.L. c. 123A, § 12 (X)
- E14 SDP Petition, G.L. c. 123A, § 9(b) (X)

### RC Restricted Civil Actions

- E19 Sex Offender Registry, G.L. c. 6, § 178M (X)
- E27 Minor Seeking Consent, G.L. c.112, c.12S (X)

### TRANSFER YOUR SELECTION TO THE FACE SHEET

**EXAMPLE:**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | F | ☒ YES  ☐ NO |

## STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

**DUTY OF THE PLAINTIFF** - The plaintiff shall set forth, on the face of the civil action cover sheet (or attach additional sheets as necessary), a statement specifying the facts on which the plaintiff relies to determine money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served with the complaint. A clerk-magistrate shall not accept for filing a complaint, except as otherwise provided by law, unless it is accompanied by such a statement signed by the attorney or self-represented litigant.

**DUTY OF THE DEFENDANT** - If the defendant believes that the statement of damages filed by the plaintiff is inadequate, the defendant may file with his/her answer a statement specifying the potential damages which may result if the plaintiff prevails.

### A CIVIL COVER SHEET MUST BE FILED WITH EACH COMPLAINT.
### FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY MAY RESULT IN DISMISSAL OF THIS ACTION.

| CIVIL TRACKING ORDER (STANDING ORDER 1-88) | DOCKET NUMBER 2172CV00013 | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| CASE NAME: Carr, Timothy vs. Town of Mashpee by its Board of Selectmen et al | | Scott W. Nickerson, Clerk of Court Barnstable County |
| TO: , | | COURT NAME & ADDRESS Barnstable County Superior Court 3195 Main Street Barnstable, MA 02630 |

## TRACKING ORDER - A - Average

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

**STAGES OF LITIGATION**                                          **DEADLINE**

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 04/15/2021 | |
| Response to the complaint filed (also see MRCP 12) | | 05/17/2021 | |
| All motions under MRCP 12, 19, and 20 | 05/15/2021 | 06/14/2021 | 07/14/2021 |
| All motions under MRCP 15 | 03/11/2022 | 04/11/2022 | 04/11/2022 |
| All discovery requests **and depositions** served and non-expert depositions completed | 01/05/2023 | | |
| All motions under MRCP 56 | 02/06/2023 | 03/06/2023 | |
| Final pre-trial conference held and/or firm trial date set | | | 07/04/2023 |
| Case shall be resolved and judgment shall issue by | | | 01/15/2024 |

The **final pre-trial deadline is not the scheduled date of the conference**. You will be notified of that date at a later time.

**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to

| DATE ISSUED | ASSISTANT CLERK | PHONE |
|---|---|---|
| 04/12/2021 | **Scott W Nickerson** | (508)375-6684 |

Date/Time Printed: 04-12-2021 10:01:14                                                  SCV026\ 08/2018

COMMONWEALTH OF MASSACHUSETTS
TRIAL COURT
SUPERIOR COURT

BARNSTABLE, SS                              DOCKET NUMBER: 2172cv00013

TIMOTHY CARR                )
Plaintiff                   )
v.                          )
                            )
Town of Mashpee by          )
its Board of Selectmen      )
                            )
Chief of Police             )
                            )
John Doe Police Officers    )
                            )
Defendants                  )

## UNIFORM COUNSEL CERTIFICATION FORM

I am the attorney of record for the Plaintiff in the above-entitled matter.

In accordance with Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) which states in part:

"...Attorneys shall provide their clients with this information about court-connected dispute resolution services; discuss with their clients the advantages of the various methods of dispute resolution; and certify their compliance with this requirement on the civil cover sheet or its equivalent."

I hereby certify that I have complied with this requirement.

ATTORNEY OF RECORD

DATE: January 15, 2021

Anthony Alva, BBO# 633858
Attorney at Law
P.O. Box 730
Barnstable, MA  02630
774 521-9350/ axacuneo@gmail.com
(508) 362-7770 fax

COMMONWEALTH OF MASSACHUSETTS
TRIAL COURT
SUPERIOR COURT

BARNSTABLE, SS

DOCKET NUMBER: 21 72 CC 00013

TIMOTHY CARR
Plaintiff
v.

Town of Mashpee by
its Board of Selectmen

Chief of Police

John Doe Police Officers

Defendants

## NOTICE OF APPEARANCE

Notice is given the undersigned represents the Plaintiff in this matter.

RESPECTFULLY SUBMITTED
PLAINTIFF BY COUNSEL

Anthony Alva, Esq.
BBO#633858
Box 730
Barnstable, MA 02630
axacuneo@gmail.com
774 521-9350
508 362-7770 fax

Date:   January 15, 2020

Notice of Appearance - Page 1

# Anthony Alva
**Attorney at Law**
P.O. Box 730
Barnstable, Massachusetts 02630
axacuneo@gmail.com

Phone # (774) 521-9350   Fax # (508) 362-7770

January 17, 2021

BARNSTABLE SUPERIOR COURT
ATTN: Clerk of the Court Scott Nickerson
P.O. Box 425
Barnstable, MA  02630

Re:  Filing of Complaint

   Carr v. Selectmen/ Town of Mashpee et al.

Dear Mr. Scott Nickerson:

Kindly docket the attached complaint.

If you have any questions please feel free to contact me at any time.

Sincerely,

Anthony Alva

Attachment

cc:
   Plaintiff

## Commonwealth of Massachusetts

BARNSTABLE, SS.    2021 APR 14 AM 10:32    TRIAL COURT OF THE COMMONWEALTH
                   Board of Selectmen       SUPERIOR COURT DEPARTMENT
                   Office ☜                 CIVIL DOCKET NO. 2172 CV 00013

Timothy Carr _____, PLAINTIFF(S),    TRUE COPY ATTEST

v. Town of Mashpee by its Selectmen           [signature] 4-14-21
   Police Chief, Town of Mashpee              DEPUTY SHERIFF
   _____, DEFENDANT(S)
   John Doe Police officer
   Town of Mashpee

**SUMMONS**   Town of Mashpee

THIS SUMMONS IS DIRECTED TO _Chairman/Board of Selectmen_. (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the _Barnstable Superior_ Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.** To respond to this lawsuit, you must file a written response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:
   a. Filing your **signed original** response with the Clerk's Office for Civil Business, _Superior_ Court, by mail to P.O. Box 425, or in person to 3195 Main Street, Barnstable, MA 02630, AND
   b. Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address: _Box 730, Barnstable, MA 02630_

3. **What to include in your response.** An **"Answer"** is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12**. If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov.courts/case-legal-res/rules of court.

4. **Legal Assistance.** You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.
5. **Required information on all filings**: The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Judith Fabricant, Chief Justice on _____Jan 15_____, 20_21_. (SEAL)

Scott W. Nickerson
Clerk-Magistrate

*Scott W. Nickerson*

**Note:** The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify that on _____, 20___, I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4 (d)(1-5)):

_____
_____
_____

Dated: _____, 20___     Signature: _____

**N.B.   TO PROCESS SERVER:**

**PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX – BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.**