**United States District Court**
**District of Massachusetts**

|   |   |
|---|---|
| Timothy Carr, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. |
| | ) 21-10658-NMG |
| Town of Mashpee by its Board of | ) |
| Selectman, et al., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM & ORDER**

**GORTON, J.**

This action arises from the claim of plaintiff Timothy Carr ("Carr" or "plaintiff") that he was wrongfully charged with a criminal offense in Falmouth District Court.  The criminal charge was dismissed but Carr filed a complaint in Massachusetts Superior Court against the Town of Mashpee, its Chief of Police, and unknown members of the Mashpee Police Department (collectively, "defendants").  Defendants removed the action to this Court pursuant to 28 U.S.C. § 1441(c).  Pending before the Court is defendants' motion to dismiss for failure to state a claim.

## I.   Background

In December, 2016, a criminal charge was filed against Carr in Falmouth District Court pursuant to a complaint entered by

- 1 -

the Mashpee Police Department.  Carr was charged with leaving
the scene of property damage, in violation of M.G.L. c. 90 §
24(2)(a).  The origin of the charge was a report received by the
Mashpee Police Department that a vehicle had struck a tree and
stop sign.  According to Carr's complaint, however, the citizen
who reported the incident did not know the license plate number
of the relevant vehicle and the police officer who prepared the
report listed Carr's license plate number based on the officer's
independent information.  Carr alleges that a warrant was
subsequently issued for his arrest but the criminal case was
dismissed by the Falmouth District Court in January, 2018 due to
"insufficient evidence", at the request of the government.

Carr filed a complaint in Massachusetts Superior Court
against the defendants in January, 2021.[1]  In the complaint, Carr
asserted that the Mashpee Police Department did not
appropriately notify him of the pending charge or investigate
the charges.  He submits that members of the Mashpee Police
Department know him personally and that he has had disagreements
with them in the past.  Based on that purported animus, Carr
believes the criminal charge at issue here was intended to
harass and intimidate him.  He alleges that, due to the criminal

---

[1] The date listed on the original complaint is January 15,
2020 but the state court record indicates that it was actually
filed on January 15, 2021.

charge, he faced arrest, was forced to retain legal counsel and to attend court hearings and suffered emotional distress.

In his complaint, Carr asserts four causes of action: violation of the Massachusetts Tort Claims Act (Count I), malicious prosecution (Count II), deprivation of his Fourth Amendment constitutional rights in violation of 42 U.S.C. § 1983 (Count III), and intentional infliction of emotional distress (Count IV). After removing the action to this Court pursuant to 28 U.S.C. § 1441(c) in May, 2021, defendants filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), which plaintiff timely opposed.

## II. <u>Motion to Dismiss</u>

### A. Legal Standard

To survive a motion under Fed. R. Civ. P. 12(b)(6), the subject pleading must contain sufficient factual matter to state a claim for relief that is actionable as a matter of law and "plausible on its face." <u>Ashcroft</u> v. <u>Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atl. Corp.</u> v. <u>Twombly</u>, 550 U.S. 544, 570 (2007)). A claim is facially plausible if, after accepting as true all non-conclusory factual allegations, the court can draw the reasonable inference that the defendant is liable for the misconduct alleged. <u>Ocasio-Hernandez</u> v. <u>Fortuno-Burset</u>, 640 F.3d 1, 12 (1st Cir. 2011).

When rendering that determination, a court may not look beyond the facts alleged in the complaint, documents incorporated by reference therein and facts susceptible to judicial notice. Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir. 2011).  A court also may not disregard properly pled factual allegations even if actual proof of those facts is improbable. Ocasio-Hernandez, 640 F.3d at 12.  Rather, the inquiry required focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw. Id. at 13.  This assessment is holistic: "the complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible". Hernandez-Cuevas v. Taylor, 723 F.3d 91, 103 (1st Cir. 2013), quoting Ocasio-Hernandez, 640 F.3d at 14.

### B. **Application**

The Court first considers whether Carr has alleged facts sufficient to withstand the pending motion to dismiss regarding the alleged deprivation of his rights under the Fourth Amendment to the United States Constitution in violation of 42 U.S.C. § 1983.  That claim is the only federal cause of action alleged and the only foundation for this Court's original jurisdiction in the pending case. See 28 U.S.C. § 1367(a).

### 1.    Section 1983 Claim (Count III)

To maintain a suit against a government official pursuant to § 1983, a plaintiff must show that "the official, acting under color of state law, caused the deprivation of a federal right." Burke v. Town of Walpole, 405 F.3d 66, 76 (1st Cir. 2005).  It is "the plaintiff's burden to identify the specific constitutional right infringed." Nieves v. McSweeney, 241 F.3d 46, 53 (1st Cir. 2001); see also Albright v. Oliver, 510 U.S. 266, 271 (1994).  Here, Carr invokes the Fourth Amendment as the basis for his claim.  The Court assumes, arguendo, that the Fourth Amendment may give rise to a malicious prosecution claim, despite the long-standing uncertainty on this issue. See Hernandez-Cuevas, 723 F.3d at 97 (1st Cir. 2013) ("Neither this circuit nor the Supreme Court has ever explicitly determined that the Fourth Amendment encompasses a malicious prosecution claim.").

The Fourth Amendment provides that:

[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated....

U.S. Const. amend. IV.  The First Circuit has determined that a claim for malicious prosecution grounded in this constitutional provision must involve a seizure. See Nieves, 241 F.3d at 54.  A seizure occurs "[o]nly when the officer, by means of physical

- 5 -

force or show of authority, has in some way restrained the liberty of a citizen...." Terry v. Ohio, 392 U.S. 1, 19 n.16 (1968).

> In a malicious prosecution case brought under § 1983,
>
> the constitutional violation lies in the deprivation of liberty accompanying the prosecution rather than in the prosecution itself.

Moreno-Medina v. Toledo, 458 F. App'x 4, 7–8 (1st Cir. 2012) (quoting Britton v. Maloney, 196 F.3d 24, 28–29 (1st Cir. 1999). A plaintiff must therefore show some deprivation of liberty that resembles a traditional Fourth Amendment seizure. See Moreno-Medina, 458 F. App'x at 7–8. Courts have repeatedly drawn a distinction between Fourth Amendment seizures and "inevitable concomitants of the pendency of criminal charges that, if allowed as the basis for a 1983 claim would trivialize the statute." Harrington v. City of Nashua, 610 F.3d 24, 32–33 (1st Cir. 2010).

Although Carr's complaint does not articulate the precise contours of the Fourth Amendment violation alleged, piecing together the factual allegations, plaintiff suggests that he was seized because he: (1) faced arrest, (2) was forced to retain legal counsel, (3) was required to attend court hearings and (4) consequently endured emotional distress. Case law, however, clearly suggests that such circumstances do not provide a

sufficient foundation for a Fourth Amendment claim.  In Moreno-Medina, 458 F. App'x at 7-8, for example, the First Circuit Court of Appeals found that the requirements that the defendant attend court proceedings, notify the court of a change in address, or refrain from committing further crimes did not constitute a deprivation of liberty under the Fourth Amendment because limitations resulting directly from prosecution are insufficient for these purposes. See also Harrington, 610 F.3d at 32-33 (explaining standard conditions of pretrial release do not rise to level of Fourth Amendment seizure); Nieves, 241 F.3d at 55 (same); Wellines, 1999 WL 33117076, at *4 (declining to find that hiring attorney sufficient to establish malicious prosecution claim under the Fourth Amendment).  The plaintiff has alleged none of the more stringent pre-trial restrictions, such as constraints upon the right to travel, that other courts have found to establish Fourth Amendment seizures. See Harrington, 610 F.3d at 32; Wilson v. Fairhaven, No. CV 18-11099-PBS, 2021 WL 1387778, at *21-22 (D. Mass. Mar. 8, 2021). Any attempt to ground a Fourth Amendment seizure in emotional distress resulting from prosecution is "equally shopworn." Nieves, 241 F.3d at 54-55; Watson v. Mita, 396 F. Supp. 3d 220, 225 (D. Mass. 2019).

Mr. Carr's assertion that an arrest warrant is sufficient for these purposes seems to be based upon a misreading of the

applicable precedent.  He cites <u>Nieves</u> for this proposition but, in that case, the First Circuit Court of Appeals clearly articulated that it is an arrest, rather than an arrest warrant, that constitutes a Fourth Amendment seizure. 241 F.3d at 54 ("Generally, the offending legal process comes either in the form of an arrest warrant (in which case the arrest would constitute the seizure) or a subsequent charging document (in which case the sum of post-arraignment deprivations would comprise the seizure)."); <u>see also</u> <u>Singer</u> v. <u>Fulton Cty.</u> <u>Sheriff</u>, 63 F.3d 110, 117 (2d Cir. 1995) ("the arrest itself may constitute the seizure").  The Court has found no case law that supports the suggestion that the issuance of an arrest warrant alone can satisfy the requirement and the plaintiff has cited none.  Moreover, such a conclusion is impossible to reconcile with the requirement that a seizure necessarily involves "the application of force". <u>Torres</u> v. <u>Madrid</u>, 141 S. Ct. 989, 999 (2021).

## 2.    State Law Claims (Counts I, II, IV)

A court may decline to exercise supplemental jurisdiction when it has dismissed all claims over which it has original jurisdiction. <u>See</u> 28 U.S.C. § 1367(c)(3); <u>Kolari</u> v. <u>New York-Presbyterian Hosp.</u>, 455 F.3d 118, 122 (2d Cir. 2006).  In so doing, "a district court must exercise informed discretion"

based upon "concerns of comity, judicial economy, convenience and fairness." Santana-Vargas v. Banco Santander Puerto Rico, 948 F.3d 57, 61 (2020) (quoting Redondo Const. Corp. v. Izquierdo, 662 F.3d 42, 49 (2011)).

> [I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine...will point toward declining to exercise jurisdiction over the remaining state-law claims.

Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988); see also Masso-Torrellas v. Municipality of Toa Alta, 845 F.3d 461, 469 (1st Cir. 2017).

The instant litigation remains in its "nascent stages." Santana-Vargas v. Banco Santander Puerto Rico, 948 F.3d 57, 62 (quoting Roche v. John Hancock Mut. Life Ins. Co., 81 F.3d 249, 257 (1st Cir. 1996)).  Service was made in April, 2021 and defendants filed a notice of removal and a motion to dismiss shortly thereafter.  Apparently, no discovery has taken place. The Court will therefore decline to adjudicate plaintiff's state law claims.

**ORDER**

For the foregoing reasons, defendants' motion to dismiss (Docket No. 6) is, with respect to Count III, **ALLOWED** and that count is **DISMISSED WITH PREJUDICE**.   Counts I, II and IV are remanded to state court.


**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated December 7, 2021